O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| BAHAREH NOBAKHT,<br><br>    Plaintiff,<br><br>   v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>    Defendant. | Case No. 2:21-cv-03564-ODW (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [8]** |

## I.  INTRODUCTION AND BACKGROUND

On March 3, 2021, Plaintiff Bahareh Nobakht initiated this action in state court. (Notice of Removal ("NOR") ¶ 1, Ex. A ("Compl."), ECF No. 1-1.)  Plaintiff alleges breach of express and implied warranties pursuant to the Magnuson-Moss Warranty Act and the Song-Beverly Consumer Warranty Act related to her vehicle's lease, which is valued at $35,521.79.  (*See generally id.*)  Defendant Mercedes-Benz USA, LLC removed the matter to this Court based on alleged diversity jurisdiction.  (NOR ¶ 10, ECF No. 1.)  Now Plaintiff moves to remand, arguing Defendant fails to establish the amount in controversy is satisfied.  (Mot. to Remand ("Mot."), ECF No. 8.)  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id*.

## III. DISCUSSION

Plaintiff argues Defendant fails to prove the amount in controversy is satisfied. (Mot. 3–13.) In opposition, Defendant contends the amount in controversy is met because: (1) Plaintiff may be entitled to a civil penalty under the Song-Beverly Act, and (2) Plaintiff's counsel may be entitled to attorneys' fees. (Opp'n 6–10, ECF No. 9.) The Court finds that Defendant fails to meet its burden to prove the amount in controversy exceeds $75,000.

*First*, Defendant contends that the amount in controversy is met based on the value of the lease ($35,521.79) and Plaintiff's request for civil penalties. However, Defendant fails to consider any reduction for the use of the vehicle and thus fails to demonstrate the actual damages at issue in this case. *See, e.g.*, *Edwards v. Ford*

*Motor Co.*, No. CV-16-05852-BRO (PLAx), 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (concluding that "Defendant has failed to establish the likelihood that Plaintiff may recover *any* amount of actual damages by a preponderance of the evidence" where the defendant failed to produce information about how much the plaintiff paid for the car or what the use offset would be).

**Second**, in light of Defendant's failure to account for the vehicle's use offset, Defendant's inclusion of civil penalties to establish the amount in controversy is based on speculation. A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages. *See* Cal. Civ. Code § 1794(c). However, if the amount of actual damages is speculative, an attempt to determine the civil penalty is equally uncertain. *Edwards*, 2016 WL 6583585, at *4.

**Third and finally**, Plaintiff's attorneys' fees demand fails to prove the amount in controversy is satisfied. A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). Here, Defendant simply contends "Plaintiff's counsel will likely seek to be compensated in attorney's fees at the going legal-market rate of at least $475 per billed hour." (Opp'n 9.) This contention, based on pure speculation, is insufficient to satisfy Defendant's burden.

Accordingly, Defendant fails to meet its burden to prove by a preponderance of the evidence the amount in controversy exceeds the $75,000 jurisdictional threshold.

///
///
///
///
///

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion. (ECF No. 8.) The Court **REMANDS** the action to the Superior Court of Los Angeles County, 9425 Penfield Avenue, Chatsworth, CA 91311, case number 21CHCV00148. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 19, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**